```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                           CHARLESTON
```

**DWIGHT W. KEEFER,**

    **Petitioner,**

**v.**                                     **Case No. 2:10-cv-01139**

**MARK A. WILLIAMSON, Warden,**
**Denmar Correctional Center,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

On September 20, 2010, the Clerk's Office in the United States District Court for the Northern District of West Virginia received a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (docket # 1), filed by Dwight W. Keefer (hereinafter "Petitioner"), an inmate at Denmar Correctional Center, which is located in the Northern District. By Order entered September 22, 2010, this action was interpreted as a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and transferred to this District, because Petitioner was convicted in the Circuit Court of Jackson County, which is within the Southern District of West Virginia (# 2). This matter is assigned to the Honorable Joseph R. Goodwin, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**PROCEDURAL HISTORY OF PETITIONER'S CASE**

Petitioner pled guilty to one count of Operating or Attempting to Operate a Clandestine Drug Laboratory and two counts of Possession of Child Pornography in the Circuit Court of Jackson County, West Virginia.  (State v. Keefer, Case No. 05-F-82.)  By Order entered July 5, 2006, Petitioner was sentenced to 2-10 years on the drug laboratory count, and to two years on each of the child pornography counts, with the child pornography counts running concurrently with each other and consecutively to the drug laboratory sentence, with credit for time served.  (Petition, at 1.)  His petition for appeal was denied by the Supreme Court of Appeals of West Virginia ("SCAWV") on November 28, 2006.  Id. at 2.

According to the records of the Clerk of the Circuit Court of Jackson County, Petitioner filed a petition for a writ of habeas corpus on April 10, 2007.  On July 30, 2007, Petitioner, by counsel, filed a motion to withdraw his petition without prejudice, which was granted by order entered on August 3, 2007,

> Petitioner alleges as follows:
>
> I have had an order from the State of West Virginia Supreme Court of Appeals to return before the judge who sentenced me and to be given a habeas corpus hearing.  I have had three different court appointed attorneys since 4-24-08.  The original Judge Thomas C. Evans III was replaced and the new judge has appointed counsel that has not been qualified to file the first paper in court.  I need some help here!!

(Petition, at 5.)  Apparently Petitioner is referring to an order entered by the SCAWV on April 24, 2008, which reads, in pertinent

part, as follows:

> Upon consideration whereof, the Court is of opinion that a rule should be awarded herein. It is therefore considered and ordered that a rule do issue returnable before the Honorable Thomas C. Evans, III, Judge of the Circuit Court of Jackson County, directing the [sic] him to appoint an attorney to aid the petitioner, and thereafter to conduct an omnibus habeas corpus hearing.

SER Keefer v. Janice, No. 080711 (Sup. Ct. App. W. Va. Apr. 24, 2008).

The section 2254 petition filed by Petitioner raises the following grounds for relief:

> Ground One: Conviction obtained by use of coerced confession. The attorney I was appointed, Bill Bostic, made a statement to me that if I didn't take the plea bargain I would be facing life in prison. When I said it's not my property or home, he said then your mother (who was 78 years old) will go to prison. I pleaded guilty to the charges! She is now dead and the facts are still the same, it wasn't my property or place and I knew nothing of the evidence!
>
> Ground Two: Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure. The Jackson County Sheriffs came into my mother's home before they had a search warrant! They took advantage of an old woman who was legally blind and unknowing of the law! She is now dead from the stress they put her through. They picked a room used for storage and labeled it my bedroom where they searched and said they found child pornography. I knew nothing about it! I am in prison for something on someone else's property!!
>
> Ground Three: Unfulfilled plea bargain. The prosecutor at the sentencing hearing was to remain mute, but spoke up trying to discredit me before the court. My attorney stated that this was an attack on my character and the Judge Thomas C. Evans III said, "Exactly." She violated the plea agreement!!
>
> Ground Four: Ineffective assistance of counsel. Bill Bostic, my court-appointed attorney did not do all he

3

could have as my lawyer. He overlooked several things like violation of the 4th Amendment, violation of due process, and loss of exculpatory evidence. I am in prison because of bad legal representation. My mother is dead now and the facts are the same as it was before she died, it wasn't my property or home!!

(# 1 at 6-7).

## APPLICABLE STATUTES AND CASE LAW

Section 2254 of Title 28 provides, in pertinent part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -

    (A) the applicant has exhausted the remedies available in the courts of the State . . . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)(1)(A), (c).

The petitioner bears the burden of proving exhaustion. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998); Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Where a petitioner has failed to exhaust his state court remedies, the federal petition should be dismissed. McDaniel v. Holland, 631 F. Supp. 1544, 1545 (S.D. W. Va. 1986)(citing Preiser v. Rodriguez, 411 U.S. 475, 477 (1973)).

In West Virginia, prisoners may exhaust their available state court remedies either by stating cognizable federal constitutional claims in a direct appeal, or by stating such claims in a petition

for a writ of habeas corpus in a state circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling in the SCAWV. Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W. Va. 1995); McDaniel v. Holland, 631 F. Supp. at 1545.  A prisoner may also exhaust the state court remedies by filing a petition for a writ of habeas corpus filed under the original jurisdiction of the SCAWV.  However, an original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the prisoner's state court remedies. See Moore, 879 F. Supp. at 593; McDaniel, 631 F. Supp. at 1546; see also, Meadows v. Legursky, 904 F.2d 903, 908-909 (4th Cir. 1990)(abrogated on other grounds, Trest v. Cain, 522 U.S. 87 (1997)).

## **ANALYSIS**

Exhaustion of state court remedies occurs if a petitioner raises the exact same federal constitutional claims in either his direct appeal, or in a habeas corpus petition filed in a circuit court, followed by an appeal of the exact same issues to the SCAWV, even where the appeal is summarily refused.  Claims that raise issues of West Virginia law only are not able to be raised in federal habeas corpus.

Petitioner is obviously frustrated that, despite the April 24, 2008 Order of the SCAWV, he has not been appointed counsel and has

not been given the opportunity to present his grounds for relief at an omnibus habeas corpus hearing. In fact, it appears that Petitioner has not had a "properly filed application for State post-conviction or other collateral review" pending for more than two years. See 28 U.S.C. § 2244(d)(2). Nonetheless, this Court cannot step in and adjudicate Petitioner's claims; the State courts must go first. The undersigned proposes that the presiding District Judge **FIND** that Petitioner has failed to exhaust his State remedies.

Another potential problem is that Petitioner's delay in prosecuting his State habeas corpus claims has jeopardized his ability to bring his federal habeas corpus claims before this Court, due to the one-year limitations period set forth in 28 U.S.C. § 2244(d). That issue is not currently before this Court.

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that Petitioner has failed to exhaust his state court remedies prior to filing the instant section 2254 petition.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's section 2254 petition and this civil action, without prejudice, pending the proper exhaustion of his state court remedies.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED,** and a copy will be submitted to the

Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner.

September 30, 2010
Date

Mary E. Stanley
United States Magistrate Judge